IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIMPLOT AB RETAIL SUB, INC. d/b/a SIMPLOT GROWER SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 1:24-cv-441-ECM [WO] |
| STRAIGHT ROW FARMS, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Simplot Ab Retail Sub, Inc. ("Simplot") filed this action on July 25, 2024, against four defendants: (1) Straight Row Farms, LLC ("Straight Row"); (2) SJW, LLC ("SJW"); (3) Steven Wyrosdick ("Steven"); and (4) James Wyrosdick ("James") (collectively, "Defendants"). (Doc. 1). Simplot brings three causes of action for breach of contract[1] against different combinations of the Defendants. (Doc. 1 at 2–4, 6).[2] After proper service (docs. 6, 7, 8, 9), the Defendants failed to respond to the complaint. Because of the Defendants' inaction, Simplot sought entry of default (doc. 10), which the Clerk of Court entered (doc. 11). Simplot subsequently filed a motion for default judgment. (Doc. 12). After the Court ordered supplemental briefing on the motion (doc. 14), Simplot

---

[1] Simplot also brings "Account Stated," "Unjust Enrichment," and "Open Account" causes of action against the Defendants, but all of these claims are "plead[] in the alternative." (*Id.* at 4–6, 7–9). Simplot notes in its motion for default judgment that the Court can dismiss these claims without prejudice if its breach-of-contract claims succeed. (Doc. 15 at 2).

[2] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

responded (doc. 15), making the motion ripe for review.  After careful review of Simplot's submissions, the Court finds the motion for default judgment is due to be granted.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "[t]he allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d

1298, 1307 (11th Cir. 2009)).³  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

Even though a plaintiff may satisfy the pleading requirements, "the Court [still must] determine[] the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  The court may—but is not required to—hold a hearing before entering an award for damages with a default judgment.  *See Giovanno*, 804 F.3d at 1366 ("Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case.").  Indeed, "[d]amages may be awarded without an evidentiary hearing 'only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts.'" *Robbie's of Key West v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (second alteration in original) (quoting *Adolph Coors Co. v. Movement against Racism & Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

---

³ The Court here, and elsewhere in the Opinion, cites to non-binding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

## IV.  FACTS[4]

According to the complaint, as admitted by the Defendants, Simplot agreed to three separate contracts with the Defendants.

In the first contract, SJW, James, and Steven "executed and delivered a promissory note in favor of Simplot in the original principal amount of $350,000.00" on January 14, 2021. (Doc. 1 at 2, para. 10). "Simplot owns, holds, and is entitled to enforce the promissory note." (*Id.* para. 11). On January 15, 2022, the promissory note's date of maturity, SJW, James, and Steven failed to pay the remaining balance on the note—$141,399.36—in full. (*Id.* paras. 12, 14). The entirety of the remaining balance remains unpaid. (*Id.* para. 14). SJW, James, and Steven are jointly and severally liable for the remaining balance. (Doc. 1-2 at 7).

In the second contract, SJW entered into a credit application agreement with Simplot, which Steven and James personally guaranteed. (Doc. 1 at 3, paras. 16, 18–19). Under the agreement, Simplot agreed to sell farm products to SJW on credit, which it did, fulfilling its contractual obligations. (*Id.* para. 17). But SJW failed "to pay the invoices for credit purchases beginning in July 2022" (*id.* para. 20), and James and Steven "defaulted on their obligations under the personal guaran[t]ies by failing to pay the amounts owed," (*id.* para. 21). The remaining "unpaid balance owed under the credit agreement is

---

[4] This recitation of facts is based on Simplot's complaint (doc. 1) and the exhibits attached thereto (*see* doc. 1-2; doc. 1-3; doc. 1-4; doc. 1-5; doc. 1-6; doc. 1-7; doc. 1-8). *Nationstar Mortgage, LLC v. Holliday*, 2023 WL 2777943, at *1 (N.D. Ala. April 4, 2023) ("Attachments to a complaint are 'part of the pleading for all purposes.'" (quoting FED. R. CIV. P. 10(c)). The Court also considers the motion for default judgment and its attachment (doc. 12 & doc. 12-1). *See Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018).

$295,272.62." (*Id.* para. 23; doc. 1-6). SJW, Steven, and James are jointly and severally liable for the unpaid balance. (Doc. 1-3 at 2).

In the third and final contract, Straight Row "entered into a credit application with Simplot." (Doc. 1 at 6, para. 49). As part of the contract, Simplot agreed to sell farm products to Straight Row on credit, which Simplot did. (*Id.* para. 50). James personally guaranteed Straight Row's debt to Simplot. (*Id.* para. 51). Both Straight Row and James have not fulfilled their obligations under the agreement and owe Simplot $654,628.87. (*Id.* paras. 53–54, 56; doc. 1-8). Straight Row and James are jointly and severally liable for the unpaid balance. (Doc. 1-7 at 2).

After the Defendants had failed to perform on all three contracts, Simplot brought this action on July 25, 2024. (Doc. 1). Simplot properly served the four Defendants. (Docs. 6, 7, 8, 9). When none of the Defendants responded, Simplot moved for Clerk's entry of default (doc. 10), which the Clerk of Court granted (doc. 11). Simplot then filed the pending motion for default judgment. (Doc. 12).

## V. DISCUSSION

Through the exhibits attached to the complaint, evidence presented with the motion for default judgment, and argument presented in its supplemental brief, Simplot has shown it is entitled to default judgment and damages. "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). "[T]he court must characterize the legal issue" and "determine[] the choice of law rule that the forum state applies to that particular type of issue." *Id.* The legal issue in this case is breach of contract.

5

"In a contractual dispute, Alabama law would have [the Court] first look to the contract to determine whether the parties have specified a particular sovereign's law to govern." *Stovall v. Universal Constr. Co.*, 893 So. 2d 1090, 1102 (Ala. 2004). Here, there is no need to proceed past this step as the contracts contain either a provision explicitly stating Idaho law applies (doc. 1-2 at 7; doc. 1-7 at 4) or allowing the Creditor (Simplot) to choose "the internal laws of a competent jurisdiction," (doc. 1-3 at 2).[5] Simplot indicated in its supplemental brief that it would select Idaho law. (Doc. 15 at 6). Thus, Idaho law applies to all three claims.[6]

Under Idaho law, a plaintiff must show four elements to establish breach of contract: "(1) 'the existence of the contract,' (2) 'the breach of the contract,' (3) 'the breach caused damages,' and (4) 'the amount of those damages.'" *McCarthy Corp. v. Stark Inv. Grp., LLC*, 489 P.3d 804, 815 (Idaho 2021) (quoting *Mosell Equities*, 297 P.3d at 241)). Simplot can show each element for all three contracts. Simplot attached all three agreements, which the Defendants signed, to the complaint, satisfying the first element (existence of a contract). *See, e.g., Alcalde v. NAC Real Estate Invs. and Assignments, Inc.*, 316 F. App'x

---

[5] The Court notes the personal guaranties signed by Steven and James for the second breach-of-contract claim indicate Colorado law governs those discrete agreements. (*See* doc. 1-4 at 3; doc. 1-5 at 3). But the guaranties also list Steven and James as borrowers on the guaranty agreement. (*See* doc. 1-4 at 1; doc. 1-5 at 1). Regardless of Steven's and James' exact role in the credit application, both breached their obligation to pay the debt to Simplot. The Court would reach the same conclusion if it applied Colorado law, which mirrors Idaho contract law. *Compare W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) *with Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho 2013).

[6] Even if Alabama law applied, which Simplot states would apply absent the choice-of-law provisions, the result would not change as Idaho's and Alabama's elements for breach of contract are virtually identical. *Compare Mosell Equities*, 297 P.3d at 241 *with Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020).

661, 662 (9th Cir. 2009) (applying similar elements under California law). In the complaint, Simplot claims the Defendants failed to pay what they agreed to in the contract (which the Defendants admit) despite Simplot performing its obligations.[7] Simplot has met the second element (breach). *See Alcalde*, 316 F. App'x at 662. The Defendants' failure to pay its obligations under the agreements have damaged Simplot in the amounts of $141,399.36; $295,272.62; and $654,628.87 respectively. These unpaid balances satisfy the third (causation) and fourth (amount of damages) elements as they show that Simplot has been damaged by the Defendants continuing not to pay their debts and the amount of the damages. *Cf. Campbell v. Parkway Surgery Ctr., LLC*, 354 P.3d 1172, 1183–84 (Idaho 2015) (holding plaintiff "was entitled to damages in the amount of the outstanding loan").

With the elements of the claims established, the Court examines the evidence presented by Simplot for awarding damages. Based on the evidence in the record, the Court finds that a hearing is not necessary on damages. *See Giovanno*, 804 F.3d at 1366. In the motion for default judgment, Simplot requests damages in the amounts of $141,399.36 and $295,272.62 against SJW, Steven, and James, which are supported by Koski's affidavit and the attachments to the complaint, and $654,628.87 against Straight Row and James, which is also supported by Koski's affidavit and the complaint's attachments. Simplot, however, does not request prejudgment interest or attorneys' fees in its motion for default judgment nor provide any legal basis for the Court to award them

---

[7] Simplot further supported its complaint with an affidavit from Nick Koski ("Koski"), an "Area Financial Services Manager" for Simplot. (*See* doc. 12-1).

even though both are referenced in the complaint. (*See* doc. 12 at 2). Therefore, the Court declines to award damages beyond what Simplot seeks in the motion for default judgment.

## VI. CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1. Simplot's motion for default judgment (doc. 12) is GRANTED;

2. Judgment will be entered in Simplot's favor and against Defendants SJW, James, and Steven on Counts I and II;

3. Simplot is awarded damages in the amount of $141,399.36 and $295,272.62 against Defendants SJW, James, and Steven, jointly and severally;

4. Judgment will be entered in Simplot's favor and against Defendants Straight Row and James on Count VI;

5. Simplot is awarded damages in the amount of $654,628.87 against Defendants Straight Row and James, jointly and severally; and

6. Counts III, IV, V, VII, VIII, and IX are DISMISSED without prejudice as moot.

A final judgment will be entered in accordance with the Court's Order.

The Clerk of Court is DIRECTED to mail this Memorandum Opinion and Order and the Final Judgment to the address reflected on the docket for the Defendants.

DONE this 1st day of August, 2025.

                           /s/ Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE